UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
TIFFANY TAYLOR, on behalf of herself and
all others similarly situated,

                Plaintiff,                     **MEMORANDUM & ORDER**
                                                      23-CV-8783 (PKC) (TAM)

          - against -

RECKITT BENCKISER
PHARMACEUTICALS INC.,

                Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Plaintiff Tiffany Taylor ("Plaintiff") commenced this putative class action against RB Health (US) LLC (incorrectly sued as "Reckitt Benckiser Pharmaceuticals Inc.," hereinafter "Defendant" or "Reckitt") on November 29, 2023.  Plaintiff alleges that Defendant engaged in deceptive acts and false advertising by marketing certain Mucinex products as though they contain honey, even though they do not, in violation of New York General Business Law ("NYGBL") Sections 349 and 350.  (*See* Compl., Dkt. 1.)  Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6).  For the reasons set forth below, Defendant's motion to dismiss is granted, and Plaintiff's Complaint is dismissed in its entirety.

# BACKGROUND

I. **Factual Allegations**[1]

    A. **The Mucinex Products**

The Mucinex products at issue are four types of non-prescription liquid cold and cough medicine (the "Mucinex Honey Products")—two for adults and two for children.[2] (Compl., Dkt. 1, ¶¶ 1, 3.) Defendant Reckitt "is responsible for the marketing, advertising, trade dress, labeling, and packaging of the Mucinex Honey Products." (*Id.* ¶ 10.) In her Complaint, Plaintiff includes the following images of the Adult Mucinex Products:

 

---

[1] For purposes of Defendant's Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022) (quoting *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010)); *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (same).

[2] The products that make up the Mucinex Honey Products are two adult products: Mucinex Fast-Max Chest Congestion Honey & Berry Flavor and Mucinex Fast-Max DM Max Honey & Berry Flavor (the "Adult Mucinex Products"), and two children's products: Mucinex's Children's FreeFrom Multi-Symptom Cold & Stuffy Nose Honey & Berry Natural Flavor and Mucinex's Children's FreeFrom Cough & Mucus Honey & Berry Natural Flavor (the "Children's Mucinex Products"). (Compl., Dkt. 1, ¶ 3.)

(*Id.* ¶¶ 22, 24.)  The front packaging of the Adult Mucinex Products includes the phrase "Honey & Berry Flavor," with the text "Honey" bolded and larger than the text "& Berry Flavor."  (*Id.*)  The front packaging also shows "a honey dripper dripping honey over a honeycomb" and a "swirling liquid honey background."  (*Id.* ¶ 22; *see also id.* ¶ 24.)

On the back of the Adult Mucinex Products is a peel-back label with the text "peel corner to read complete drug facts and information."  (*Id.* ¶ 28.)  Underneath the peel-back label are drug facts, directions, and other information, including a list of inactive ingredients.  (*Id.* ¶ 29.)  The list of inactive ingredients includes "flavors," but does not include honey.[3]  (*Id.* ¶¶ 29–30.)

Additionally, Plaintiff provides the following images of the Children's Mucinex Products:



---

[3] Plaintiff also provides an image of advertising for the Adult Mucinex Products from the Mucinex website—which includes images of honey and honeybees with the text "TAKE THE STING OUT OF YOUR COLD"—but does not claim to have seen or relied on this advertisement prior to purchasing the Adult Mucinex Products.  (*See* Compl., Dkt. 1, ¶ 26.)

3

(*Id.* ¶ 32.) The Children's Mucinex Products depict "Mr. Mucus," a cartoon character "dressed in a yellow and black honeybee colored shirt, holding a honey dripper dripping honey, and surrounded by honeybees . . . ." (*Id.* ¶ 31.) The phrase "Honey & Berry Natural Flavor" is on the front of the package, with the word "honey" in a "prominent" and "bold" font above the rest of the phrase. (*Id.* ¶¶ 31–32.) Plaintiff also provides images of the back panel of one of the Children's Mucinex Products, which again has the text "Honey & Berry Natural Flavor," but does not include honey among the inactive ingredients. (*Id.* ¶¶ 33–34.)

### B. Plaintiff's Purchase of Mucinex Honey Products

In or around May 2023, Plaintiff purchased Mucinex Fast-Max Chest Congestion Honey & Berry Flavor, one of the Adult Mucinex Products, at a supermarket in Queens, New York. (*Id.* ¶ 36.) Prior to her purchase, Plaintiff saw "the representations on the front [of the packaging] with honey-based imagery of a honey dripper dripping honey over a honeycomb and swirling liquid honey background and the bold and honey-colored word 'HONEY.'" (*Id.* ¶ 37.) Plaintiff states that she believed the product contained honey, and that if she had known it did not contain honey, "she would not have purchased Defendant's products or, at the very least, would not have paid a price premium for Defendant's Mucinex Honey Products." (*Id.* ¶¶ 38–39.)

## II. Procedural History

Plaintiff filed the Complaint on November 29, 2023, alleging two causes of action: (1) Violation of NYGBL Section 349 for deceptive acts and practices, (*id.* ¶¶ 48–59); N.Y. Gen. Bus. Law § 349, and (2) Violation of NYGBL Section 350 for false advertising, (*id.* ¶¶ 60–66); N.Y. Gen. Bus. Law § 350. On December 21, 2023, the Court directed Plaintiff to file a letter clarifying her citizenship for the purposes of diversity jurisdiction. (12/21/2023 Dkt. Order.) Plaintiff filed a letter in response on December 27, 2023, confirming that she is a New York domiciliary. (Dkt. 12.) On March 7, 2024, Defendant requested a pre-motion conference ("PMC") for its

4

anticipated motion to dismiss. (Dkt. 16.) Plaintiff filed a response to Defendant's PMC request on March 22, 2024. (Dkt. 19.) The Court denied Defendant's PMC request as unnecessary and set a briefing schedule for the motion to dismiss. (4/4/2024 Dkt. Order.) Defendant's motion to dismiss was fully briefed as of June 19, 2024. (*See* Dkts. 23–26.)

### III. Jurisdiction, Venue, and the Putative Class

Plaintiff contends that the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the amount in controversy is over $5,000,000 and she and Defendant are citizens of different states. (Compl., Dkt. 1, ¶ 11); 28 U.S.C. § 1332(d)(2)(A). Plaintiff asserts that the Court also has jurisdiction under 28 U.S.C. § 1332(a), (Compl., Dkt. 1, ¶ 12), and that venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events giving rise to the claim occurred within this judicial district and because Defendant has marketed and sold the products at issue in this action within this judicial district and has done business within this judicial district," (*id.* ¶ 14).

Pursuant to Rule 23, Plaintiff seeks certification of a class of consumers in the State of New York, defined as follows:

> All consumers who, within the applicable statute of limitations period, purchased in the State of New York (whether online or in-person) the Mucinex Honey Products – manufactured, marketed, distributed and/or sold by Defendant which Defendant warranted as containing honey (the "Class Products"). Excluded from the class are Defendant, its parents, subsidiaries, affiliates, officers and directors, judicial officers and their immediate family members and associated court staff assigned to this case, and those who purchased Class Products for resale.

(*Id.* ¶ 40.) Plaintiff seeks monetary damages and statutory damages on behalf of the entire putative class. (*Id.* ¶ 47.)

5

# DISCUSSION

## I. Motion to Dismiss Under Rule 12(b)(6): The Adult Mucinex Products

Defendant moves to dismiss Plaintiff's NYGBL Sections 349 and 350 claims for the Adult Mucinex Products pursuant to Rule 12(b)(6). For the following reasons, the Court finds that, with respect to the Adult Mucinex Products, Plaintiff has failed to state a claim upon which relief can be granted.

### A. Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. On a Rule 12(b)(6) motion, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*,

6

712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (citation omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679).

### B.    Plaintiff's NYGBL Deceptive Acts and False Advertising Claims

Plaintiff asserts that Defendant engaged in deceptive acts and practices in violation of NYGBL Section 349 and engaged in false advertising in violation of NYGBL Section 350. (Compl., Dkt. 1, ¶¶ 48–66.) NYGBL Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state . . . ." N.Y. Gen. Bus. Law § 349(a). "Deceptive acts are defined objectively as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." *Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 587 (E.D.N.Y. 2015) (cleaned up) (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)). "Deceptive practices are acts which are dishonest or misleading in a material respect." *Id.* (cleaned up) (quoting same). "However, 'a deceptive practice need not reach the level of common-law fraud to be actionable under [S]ection 349.'" *Id.* (quoting *Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003)).

Similarly, NYGBL Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 350. False advertising "means advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect." *Id.* at § 350-a(1). "The only difference between [Section 349 and Section 350] is that Section 350 more narrowly targets deceptive or misleading advertisements, while Section 349 polices a wider range of business practices." *Cline v.*

7

*TouchTunes Music Corp.*, 211 F. Supp. 3d 628, 635 (S.D.N.Y. 2016); *see also Goshen v. Mut. Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1194–1196 (N.Y. 2002).

"The standard for recovery under General Business Law [Section] 350, while specific to false advertising, is otherwise identical to [Section] 349." *Scholder v. Sioux Honey Ass'n Coop.*, No. 16-CV-5369 (GRB), 2022 WL 125742, at *2 (E.D.N.Y. Jan. 13, 2022) (quoting *Goshen*, 774 N.E.2d at 1195 n.1).  To successfully assert a claim under either Section 349 or 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675, 675 (N.Y. 2012)).  Defendant asserts that Plaintiff's claims related to the Adult Mucinex Products must be dismissed because Plaintiff has failed to sufficiently plead the second prong: that Defendant's conduct was materially misleading.  (*See* Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Br."), Dkt. 23-1, at 6–12.)  Defendant does not contest that Plaintiff sufficiently pleads element (1) that Defendant engaged in consumer-oriented conduct, or element (3) that Plaintiff suffered injury because of the allegedly deceptive conduct.  (*Id.*)  The Court too finds the first and third elements satisfied and considers only whether Defendant's conduct was materially misleading.

          1.    <u>Materially Misleading Conduct</u>

To determine whether an act is materially misleading, "[t]he New York Court of Appeals has adopted an objective definition of 'misleading,' under which the alleged act must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (quoting *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741, 745 (N.Y. 1995)).  Plaintiff must show "more than a mere possibility that the label might conceivably be misunderstood by some few consumers

8

viewing it in an unreasonable manner." *Bustamante v. KIND, LLC*, 100 F.4th 419, 426 (2d Cir. 2024) (citation omitted). The applicable standard is an objective one: "Plaintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (summary order) (cleaned up).

As an initial matter, the Court acknowledges that "whether a representation is materially misleading 'is generally a question of fact not suited for resolution at the motion to dismiss stage.'" *Kominis v. Starbucks Corp.*, 692 F. Supp. 3d 236, 245 (S.D.N.Y. 2023); *see also Atik v. Welch Foods, Inc.*, No. 15-CV-5405 (MKB) (VMS), 2016 WL 5678474, at *8 (E.D.N.Y. Sept. 30, 2016) (noting that "the reasonable consumer standard raises questions of fact that are appropriate for resolution on a motion to dismiss only in rare situations" and collecting cases)). However, it is also well-settled that a court may find that an allegedly deceptive practice or advertisement would not have misled a reasonable consumer as a matter of law. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

        a.      The Front Labels

Plaintiff asserts that the front labels of the Adult Mucinex Products would lead a reasonable consumer to believe they contain honey, pointing to the honey imagery on the package and the placement and size of the word "Honey" on the label. (Pl.'s Mem. Opp'n Mot. Dismiss ("Pl.'s Br."), Dkt. 24, at 9.) In support of dismissal, Defendant argues that the products' front labels unambiguously represent honey as a *flavor* rather than an *ingredient*, (Def.'s Br., Dkt. 23-1, at 7, 10), and the Court agrees.

The Court first notes that the front labels do not make any express representations that would mislead a consumer to believe honey is an ingredient. "[I]f a plaintiff alleges that a product

9

expressly—and falsely—purports to be '*made with*' or '*contain*' certain ingredients, such allegations will generally carry the day at the pleading stage." *Duncan v. Kahala Franchising, L.L.C.*, 732 F. Supp. 3d 255, 263 (E.D.N.Y. 2024); *see also Sharpe v. A&W Concentrate Co.*, 481 F. Supp. 3d 94, 103 (E.D.N.Y. 2020) (denying a motion to dismiss where a root beer company used the phrase "MADE WITH AGED VANILLA," when that statement was untrue). Here, the Adult Mucinex Products' packaging only includes the phrase "Honey & Berry Flavor," with no explicit statement that the product is "made with" or "contains" honey. (Compl., Dkt. 1, ¶¶ 22, 24.) Though the absence of any false express representations does not require dismissal, it does weigh in Defendant's favor. *See Duncan*, 732 F. Supp. 3d at 263; *Vazquez v. Walmart, Inc.*, 704 F. Supp. 3d 417, 424 (S.D.N.Y. 2023) (finding that the absence of language such as "made with pure honey," "sweetened with pure honey," or "anything similar" undermined the inference that honey was a predominant ingredient); *Donadio v. Bayer HealthCare LLC*, No. 22-CV-06521 (EAW), 2024 WL 1157044, at *3 (W.D.N.Y. Mar. 18, 2024) ("A reasonable consumer would observe that the packaging at issue in this case does not state the Product is 'made with' or 'made from' honey, lemon, or lemon zest.").

Turning to the text "Honey & Berry Flavor," Defendant contends that a reasonable consumer would read the word "Honey" as an adjective modifying the word "Flavor." (Def.'s Br., Dkt. 23-1, at 7.) "Some cases considering whether a particular descriptor proves misleading have turned to etymological analysis. Whether the subject term is used solely as a noun, or finds application as an adjective, can help determine its significance to consumers . . . ." *Duncan*, 732 F. Supp. 3d at 265. For example, courts have noted that words such as "vanilla" and "chocolate" can be used as both a noun and an adjective. *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 582 (S.D.N.Y. 2021) (finding that "the word 'vanilla' can be used as both a noun and an

10

adjective, and can be commonly understood to denote a flavor, in addition to the vanilla bean or an extract from the bean."); *Mitchell v. Whole Foods Mkt. Grp., Inc.*, No. 20-CV-8496 (ER), 2022 WL 657044, at *5 (S.D.N.Y. Mar. 4, 2022) (finding that "chocolate can be used as both a noun and an adjective, and can be commonly understood to denote a flavor"). The word "honey," like vanilla and chocolate, can be used as a noun or an adjective. *See* Honey, *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/honey (last visited Jan 28, 2025). The adjectival definition of honey means "of, relating to, or resembling honey." *Id.*

Here, the Court finds persuasive Defendant's argument that in the phrase "Honey & Berry Flavor," "Honey" operates as an adjective modifying the noun "Flavor." This distinction is significant—stating that a product is honey-flavored is not tantamount to representing that a product *contains* honey. *See Vazquez*, 704 F. Supp. at 425 ("It is well established in this Circuit that a product may make flavor representations on its label but achieve that flavor through other ingredients."); *see also Wallace v. Wise Foods, Inc.*, No. 20-CV-6831 (JPO), 2021 WL 3163599, at *2 (S.D.N.Y. July 26, 2021) (dismissing deceptive marketing case over chips labeled "Cheddar & Sour Cream Flavored" and noting that "[a] reasonable consumer would not make broad assumptions about the chips' ingredients based on the representation that they are cheddar and sour cream *flavored*").

To read "Honey" as a standalone noun and the word "Flavor" being modified only by "Berry," as Plaintiff urges, (Pl.'s Br., Dkt. 24, at 14–15), would render the label somewhat nonsensical in that the phrase "& Berry Flavor" would have no logical antecedent. Such a reading resists the more obvious and customary grammatical phrasing, especially given the absence of punctuation between "Honey" and "& Berry Flavor." While Plaintiff is correct that the word "Honey" is bolded, in larger font, and sits above "& Berry Flavor," the Court does not find that

11

this stylistic difference is enough to support the conclusion that "a significant portion of the general consuming public," *Jessani*, 744 F. App'x at 19 (citation omitted), acting reasonably, would read "Honey" as a noun and assume it is an ingredient. The differences in font size and positioning do not have the effect of severing the word "Honey" from the rest of the phrase, "& Berry Flavor." Rather, as Defendant notes, the stylistic difference between the text of "Honey" and "& Berry Flavor" suggests that honey is the predominant flavor compared to the berry flavor, not that honey is an ingredient. And while the labeling presumably reflects Defendant's belief that honey sells, that does not make the label materially misleading with respect to whether the product *contains* honey or is honey-*flavored*. Courts have read "flavor" into phrases on labels under more ambiguous circumstances than here. *See, e.g.*, *Cosgrove v. Blue Diamond Growers*, No. 19-CV-8993 (VM), 2020 WL 7211218, at *3 (S.D.N.Y. Dec. 7, 2020) ("The Court finds the Product is not misleading because a reasonable consumer would associate the representation of "Vanilla" -- with no additional language modifiers -- to refer to a flavor and not to vanilla beans or vanilla extract as an ingredient.").

Plaintiff likens the front labels of the Adult Mucinex Products to the packaging at issue in *Campbell v. Whole Foods Market Group, Inc.*, 516 F. Supp. 3d 370, 385 (S.D.N.Y. 2021). The *Campbell* court denied in part and granted in part the defendant's motion to dismiss, finding that the plaintiff plausibly alleged that the design of a "Honey Graham Crackers" box was likely to mislead a reasonable consumer into believing that the product's primary sweetener was honey. *Id.* at 376–77, 385. The *Campbell* court looked to the size and color of the font and the image of "a honey dipper resting in a bowl of honey" in determining that the claim survived a motion to dismiss. *Id.* at 385. It also found that there was "no basis in the complaint for the Court to conclude that the flavor of honey can come from a product other than honey." *Id.* However, the *Campbell*

12

court emphasized that "this is a fact-specific analysis based on the packaging at issue in this case." *Id.* at 385 n.7.

Here, unlike in *Campbell*, the word "Honey" precedes and modifies the noun "Flavor." (Compl., Dkt. 1, ¶¶ 22, 24.) This is different from product packaging which purportedly *contains* "Honey Graham Crackers," implied by the bold assertion on the front of the package without any modifying language or reference to "Flavor." *Campbell*, 516 F. Supp. 3d at 377. Also, unlike the product at issue in *Campbell*, the purpose of the Adult Mucinex Products is not to offer a sweetened snack. *Cf. id.* (noting that "honey is both a flavor and a sweetening ingredient"). Instead, as depicted on the label, it is to provide "chest congestion relief" or "cough and chest congestion relief." (Compl., Dkt. 1, ¶¶ 22, 24.) When reading the front labels at issue here, a reasonable consumer would see either (1) "guaifenesin" and "expectorant" or (2) "dextromethorphan HBr," "cough suppressant," "guaifenesin" and "expectorant," and understand those to be the ingredients intended to provide a medicinal benefit. (*Id.*) "[A] reasonable customer interested in purchasing medicine and looking at the active ingredients on the front of the product package . . . will conclude that 'Honey['] reflects . . . the medicine's flavor, not its ingredients." *Donadio*, 2024 WL 1157044, at *3. Even assuming Plaintiff is right that "consumers view honey as having health and medicinal benefits," (Pl.'s Br., Dkt. 24, at 17; *see* Compl., Dkt. 1, ¶¶ 17–21), nothing on the Adult Mucinex Products' packaging indicates or even suggests that the products use or contain honey for a medicinal purpose, (Compl., Dkt. 1, ¶¶ 22, 24, 28–29; Def.'s Br., Dkt. 23-1, at 9.)[4]

However, the construction and purpose of the text on the front labels alone does not resolve this dispute. In determining whether a representation is materially misleading, "[c]ourts view each

---

[4] In fact, as argued, Defendant would not legally be able to do so. (Def.'s Reply Br., Dkt. 26, at 5.) Honey may not be used as an active ingredient "in any OTC antitussive, expectorant, or nasal decongestant products." (*Id.* (citing 21 C.F.R. §§ 341.14, 341.18, 341.20).)

13

allegedly misleading statement in light of its context on the product label or advertisement as a whole." *Warren v. Stop & Shop Supermarket, LLC*, 592 F. Supp. 3d 268, 277 (S.D.N.Y. 2022) (quoting *Pichardo v. Only What You Need, Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020)). The "aspects of labeling," including the "visual appearance of the product," are considered when analyzing "whether consumers have been misled." *Duncan*, 732 F. Supp. 3d at 263. Plaintiff draws the Court's attention to the imagery on the labels of the Adult Mucinex Products: the "honey dipper swirling viscous honey across the entire midsection of the label . . . yellow honeycombs . . . [and the] bolded, . . . honey-yellow color" of the word "honey." (Pl.'s Br., Dkt. 24, at 9.) But "the image[ry] of a honeycomb on the package does not convert 'honey' into an ingredient claim," *Vazquez*, 704 F. Supp. 3d at 426, nor does a hexagonal pattern or a honey dipper, (*see* Compl., Dkt. 1, ¶¶ 22, 24). Imagery on packaging often represents—and is reasonably interpreted to represent—a product's flavor rather than the presence or amount of specific ingredients. *See, e.g.*, *Angeles v. Nestle USA, Inc.*, 632 F. Supp. 3d 309, 316 (S.D.N.Y. 2022) (finding that a bottle of sparkling water with the words "Lemon & Lemon Zest" and drawings of lemons, lemon peels, and lemon leaves was not misleading, and "merely represents that the Product is lemon flavored"); *Warren*, 592 F. Supp. 3d at 279 (finding that where a package of graham crackers included the text "Honey" and an image of a honey dipper, "a reasonable consumer would associate the 'honey' label with the Product's flavor and not as a particular ingredient, much less a predominant one").

Thus, viewing the front labels of the Adult Mucinex Products as a whole, in the absence of express representations that the products contain honey, the Court finds that Plaintiff has failed to allege that the text "Honey & Berry Flavor" and the accompanying honey-imagery on the front

14

labels would mislead a reasonable consumer to believe that the Adult Mucinex Products contain honey.

### b. The Back Labels

Though the Court finds that the front labels of the Adult Mucinex Products are not materially misleading, to the extent Plaintiff argues ambiguity, the back labels of the Adult Mucinex Products confirm that honey is not an ingredient. Plaintiff contends that Defendant's reliance on the back labels is misplaced, citing *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637–39 (2d Cir. 2018), in which the Second Circuit vacated the dismissal of NYGBL claims over Cheez-It cracker boxes labeled "WHOLE GRAIN," where the primary grain was actually enriched white flour. (*See* Pl.'s Br., Dkt. 24, at 19–20.) The Second Circuit concluded that "a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box." *Mantikas*, 910 F.3d at 637. Because the Court has already found here that the front labels are not misleading, *Mantikas* is not on point. "[W]hen the front of the package is better characterized as ambiguous than misleading, courts look[] at the alleged misrepresentations in their full context and are more likely to grant a motion to dismiss." *Engram v. GSK Consumer Healthcare Holdings (US) Inc.*, No. 19-CV-2886 (EK) (PK), 2021 WL 4502439, at *3 (E.D.N.Y. Sept. 30, 2021). Courts are permitted to "resolve ambiguity—as opposed to misleading statements—by reference to the more specific statements on the back of the package." *Id.* at *5.

Here, the back label of the Adult Mucinex Products includes the inactive ingredients, which lists "flavors" but not honey. (Compl., Dkt. 1, ¶ 29.) A reasonable consumer who had doubts as to representations on the front of the package could check the inactive ingredients and see plainly that honey is not an ingredient. *See Mazella v. Coca-Cola Co.*, 548 F. Supp. 3d 349, 357 (S.D.N.Y.

15

2021) ("[T]he presence of a disclaimer or similar clarifying language, such as a Nutrition Fact Panel, may defeat a claim of deception"); *Parham v. Aldi Inc.*, No. 19-CV-8975 (PGG) (SDA), 2021 WL 709632, at *3 (S.D.N.Y. Feb. 15, 2021), *R&R adopted*, No. 19-CV-8975 (PGG), 2021 WL 4296432 (S.D.N.Y. Sept. 21, 2021) (finding that "[a] reasonable consumer would understand that the word 'vanilla' on the front of the carton describes how the Product tastes, not what it contains, especially in circumstances where the ingredients listed on the Product container do not mention vanilla at all").

The Court acknowledges that the list of inactive ingredients on the Adult Mucinex Products is behind a peel-back label on the back of the package. (Compl., Dkt. 1, ¶¶ 27–29.) Plaintiff cites several out-of-circuit cases from the Northern District of California finding that consumers should not be required to peel back the labels of products in store to confirm or dispel assumptions about the product. (Pl.'s Br., Dkt. 24, at 20–21.) These cases are not binding on this Court, and the Court does not find the presence of a peel-back label particularly compelling in the context of this specific case. As the Court finds that a reasonable consumer would not be misled by the front labels, the fact that there may be an additional step to confirm what is already stated on the package—honey and berry *flavor*—does not aid Plaintiff in pleading her NYGBL claims.

### c.  Competing Products

Attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss is a Declaration and accompanying exhibits showing one of Defendant's other products and several products from Defendant's competitors. (*See* Dkt. 25.) Plaintiff contends that "Defendant's other products are advertised as honey flavored, and yet still contain honey," and asserts that "many competitor products that are honey flavored . . . also contain real honey." (Pl.'s Br., Dkt. 24, at 15 (emphasis omitted).) Defendant argues that the Court should "deny Plaintiff's

16

request to take judicial notice of the Mucinex® cough drop product, and the other two 'competitor' products that Plaintiff identifies from the internet, as they are neither incorporated into the Complaint nor relevant to the reasonable consumer analysis." (Def.'s Reply Br., Dkt. 26, at 7 n.2.)

The Court agrees with Defendant that the exhibits filed alongside Plaintiff's opposition brief on June 19, 2024, are not incorporated into the Complaint as the Complaint does not reference any of Defendant's other products or competitors' products. *See TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 188–89 (E.D.N.Y. 2024) (declining to consider appended materials that were not incorporated into the complaint on a Rule 12(b)(6) motion). The Court recognizes, however, that even "[w]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C*., 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). The Court further acknowledges that here, contrary to Defendant's assertions, Plaintiff's newly raised exhibits might be relevant to the reasonable consumer analysis. *See Duncan*, 732 F. Supp. 3d at 266. Nonetheless, the Court does not find them to be "integral" to Plaintiff's complaint. As noted by the Second Circuit, "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis omitted). The Complaint in this case does not refer to, or rely on, Defendant's other products or the competitors' products to demonstrate that the labeling and marketing of the Adult Mucinex

17

Products is materially misleading. (*See* Compl., Dkt. 1.) The Court therefore declines to consider them in deciding this motion.[5]

* * *

Considering the lack of express representations, the reasonable interpretation of the phrase "Honey & Berry Flavor," and the context of the packaging as a whole, the Court concludes that Plaintiff has failed to plausibly allege that the Adult Mucinex Products are materially misleading, and her NYGBL claims with respect to these products must be dismissed.

## II.    Motion to Dismiss Under Rule 12(b)(1): The Children's Mucinex Products

Defendant moves to dismiss Plaintiff's claims under NYGBL Sections 349 and 350 against the Children's Mucinex Products pursuant to Rule 12(b)(1), claiming that Plaintiff lacks standing to pursue these claims. The Court agrees.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S.

---

[5] Plaintiff notes that, should the Court decline to take judicial notice of these materials, Plaintiff could amend her Complaint to include them. (Pl.'s Br., Dkt. 24, at 14 n.8.) However, the Court finds that such an effort would be futile. "A district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Competing products are just one potential consideration in the reasonable consumer analysis. *See Duncan*, 732 F. Supp. 3d at 263 (noting that "allegations about competitor products" is one element of a "useful framework" when analyzing consumer expectations, but "not a formalized balancing test"). It is difficult to see how the inclusion of these exhibits would be enough to allow Plaintiff's claims to survive considering the Court's analysis here. With respect to Defendant's other product that does contain honey, it would likely only *support* dismissal, as that product clearly states "Made with Real Honey" on the front label and the Adult Mucinex Products do not. (*See* Dkt. 25-1.)

413, 423 (2021). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005).

Defendant asserts that Plaintiff lacks independent standing to pursue a claim against the Children's Mucinex Products because she did not purchase any of those products. (Def.'s Br., Dkt. 23-1, at 12–16.) "It remains undisputed that plaintiffs lack Article III standing to assert claims arising out of products that they themselves did not purchase." *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 (RRM) (RLM), 2013 WL 4647512, at *11 (E.D.N.Y. Aug. 29, 2013) (citing *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 158 (2d Cir. 2012)).

Plaintiff contends that, at the pleading stage, class action plaintiffs may bring claims for products they did not purchase when: "1) the products are substantially similar to the products that they did purchase; and 2) the alleged misrepresentation is the same." *Rivera v. S.C. Johnson & Son, Inc.*, No. 20-CV-3588 (RA), 2021 WL 4392300, at *9 (S.D.N.Y. Sept. 24, 2021); (*see also* Pl.'s Br., Dkt. 24, at 4–7). While this may be true, the Court having found that Plaintiff has failed to state a claim as to the Adult Mucinex Products, this argument is now unavailing. "Having found that [P]laintiff cannot state a claim for the [product] she actually purchased[,] . . . she cannot then bring a claim for products she did not purchase." *Housey v. Procter & Gamble Co.*, No. 21-CV-2286 (NRB), 2022 WL 874731, at *9 (S.D.N.Y. Mar. 24, 2022) (citing *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 94 (2d Cir. 2018) (holding that "claims of putative class members are too dissimilar to support standing against a particular defendant when that defendant did not actually injure a named plaintiff")), *aff'd*, No. 22-888, 2022 WL 17844403

19

(2d Cir. Dec. 22, 2022) (summary order). Thus, the Court dismisses Plaintiff's NYGBL claims related to the Children's Mucinex Products pursuant to Rule 12(b)(1).

## CONCLUSION

For the reasons explained above, the Court grants Defendant's motion to dismiss under Rules 12(b)(6) and 12(b)(1), and dismisses Plaintiff's Complaint in its entirety. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 31, 2025
        Brooklyn, New York